**Natalia NASELKOVA, George Zhalishvili, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–5869–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

Isabella Mayzel, Springfield, N.J., for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa Arnold, Senior Litigation Counsel, Keith I. McManus, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Natalia Naselkova and George Zhalishvili, natives and citizens of Georgia, seek review of a November 27, 2006, order of the BIA denying their motion to reopen removal proceedings. *In re Natalia Naselkova/George Zhalishvili*, Nos. A78 701 897/898 (B.I.A. Nov. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We conclude that the BIA did not abuse its discretion in denying the petitioners' motion to reopen. The regulations provide that a motion to reopen may not be granted "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the for-

mer hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *see also Sukhraj Kaur v. B.I.A,* 413 F.3d 232, 234 (2d Cir.2005). Here, the BIA properly found that the evidence submitted by the petitioners "does not support [their] contention that the conditions in Georgia have recently changed so as to place them at risk for persecution on account of a protected ground or torture." No newspaper article indicates that persons of Russian heritage are persecuted in Georgia. Nor does the record "compellingly" suggest that the BIA failed to take Igor Kotler's affidavit into account, because that affidavit does not indicate that persons of Russian heritage in Georgia are persecuted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17, 341 (2d Cir.2006). Kotler's statement that the current Georgian–Russian tensions "lead[ ] to growing ... danger for ethnic Russians in Georgia," is too generalized to compel this Court to conclude that the BIA failed to consider material evidence. *See* 8 C.F.R. § 1003.2(c)(1); *cf. Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir. 2006).

The petitioners contend that the BIA failed to consider the medical record which they allege confirms that their child was attacked. The medical record, however, does not indicate that the child was intentionally injured, much less that he was injured because of his Russian background. Like the Kotler affidavit, the medical record was not material evidence establishing the petitioners' *prima facie* eligibility for relief. 8 C.F.R. § 1003.2(c)(1); *cf. Shou Yung Guo,* 463 F.3d at 115. Accordingly, the BIA did not act in an "arbitrary or capricious manner" in denying the petitioners' motion to reopen. *Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).